IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:22-cv-235-MOC-WCM

**ALBERT S., and S.S.,** *a minor, by and through her parent, Albert S.,*

        Plaintiffs,

vs.

**BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, NORTH CAROLINA BAR ASSOCIATION HEALTH BENEFIT TRUST, and LAWYERS INSURANCE AGENCY, INC.,**

        Defendants.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiffs, Albert S. and S.S., by and through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Unopposed Motion for Leave to Proceed Anonymously (ECF Doc. No. 24), seeking entry of an order allowing them to proceed anonymously in this litigation, as pled, specifically permitting S.S. to proceed under her initials and S.S.'s father, Albert S., to proceed under his full first name and last initial, and directing all parties to redact their names and all personally identifying information from any filed documents unless filed under seal.

## STATEMENT OF THE CASE & RELEVANT FACTS

Plaintiff S.S. is a minor that suffers from numerous severe mental health conditions, including Major Depressive Disorder, Generalized Anxiety Disorder, Adjustment Disorder, Attention Deficit Hyperactivity Disorder, Inattentive Presentation with Processing Speed Deficits,

and Borderline Personality Trait. ECF Doc. No. 1, ¶¶ 3, 14, 19, 24, 38. Despite years of ongoing treatment, S.S. has continued to struggle with severe and dangerous symptoms related to her mental health conditions, including self-harm, suicidal ideation, and multiple suicide attempts. *Id.* at ¶¶ 17, 20, 22-24, 26, 28-29, 31-34. Following a suicide attempt in the fall of 2020, S.S.'s providers recommended that she undergo in-patient residential treatment. *Id.* at ¶¶ 34-36, 41. S.S. subsequently enrolled at Solacium Sunrise Residential Treatment Center ("Sunrise"). *Id.* at ¶ 43. As she was a minor, S.S.'s health insurance coverage was provided through her father, Albert S., under the North Carolina Bar Association Health Benefit Trust plan (the "Plan"). *Id.* at ¶¶ 3, 11. The claims administrator for the Plan, Blue Cross and Blue Shield of North Carolina ("BCBSNC"), initially approved coverage for S.S.'s inpatient stay at Sunrise. *Id.* at ¶¶ 5, 42. However, approximately two months after S.S.'s admission to Sunrise, by letter dated April 14, 2021, BCBSNC determined that S.S. no longer qualified for coverage to continue treatment at Sunrise. *Id.* at ¶ 47. Plaintiffs thereafter exhausted the Plan's internal appeal process. *Id.* at ¶¶ 55, 63, 67.

On November 4, 2022, Plaintiffs brought this ERISA action seeking review of Defendants' denial of Plaintiffs' claim for continued residential mental health care benefits for S.S., as well as for violations of MHPAEA. ECF Doc. No. 1. Plaintiff S.S. was a minor at all relevant times alleged in the Complaint and is currently 16 years old. *Id.* at ¶¶ 3, 14.

On December 22, 2022, Defendants filed a Motion for Extension of Time to Answer Plaintiffs' Complaint. ECF Doc. No. 22. On January 3, 2023, this Court entered a text-only order granting Defendants' Motion and extending their deadline through and including January 24, 2023 to answer Plaintiffs' Complaint. That same day, this Court entered an Order directing Plaintiffs to file either: (1) a Notice setting forth the full name of "Albert S." or (2) a Motion for Leave to Proceed Anonymously, with supporting brief, with respect to "Albert S." ECF Doc. 23.

## ARGUMENT

**1. Legal Standard.**

The presumptive rule under the Federal Rules of Civil Procedure is that the identities of the parties are included on the pleadings. *See* Fed. R. Civ. P. 10(a). However, Federal Rule of Civil Procedure 5.2(a)(3) **requires** litigants to protect the identity of minors by, at minimum, only using the minor in question's initials when filing their pleading. Moreover, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). The Fourth Circuit has identified several nonexclusive factors that District Courts should consider in evaluating a motion to proceed anonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is **to preserve privacy in a matter of sensitive and highly personal nature**; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; **the ages of the persons whose privacy interests are sought to be protected**; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (emphasis added); *see also*, Fed. R. Civ. P. 26(c) (the Court has broad authority for "good cause" to "issue an order to protect a party or person from annoyance [or] embarrassment."). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

The *James* factors weigh heavily in favor of allowing S.S. to proceed anonymously.[1] By

---

[1] A determination of whether Albert S. should proceed anonymously is necessarily dependent on S.S.'s ability to procced anonymously in this action due to the highly personal and sensitive nature of the subject matter of this action and due to the age of S.S. at the time of the allegations contained. As such, Plaintiffs will first discuss the merits of S.S.'s Motion for Leave to

providing Albert S.'s full name, Plaintiffs would certainly expose S.S.'s identity, thereby destroying the safeguard of anonymity that must be provided to S.S. pursuant to *James*. A minor with mental health issues should not be forced to disclose her most intimate and private medical details simply because an insurance company wrongfully denied her coverage for treatment for these medical issues in violation of two federal statutes. As such, this Court should allow S.S. to proceed under her initials and Albert S. to proceed under his full first name and last initial.

**2. The *James* factors favor allowing S.S. to proceed anonymously.**

As to the first factor, S.S. is not merely trying to avoid the annoyance and criticism that might come from litigation; rather, S.S. is a young child struggling with severe mental health struggles that have resulted in multiple suicide attempts and the details of this case are highly personal to her. Courts routinely allow parties to proceed anonymously in cases involving sensitive medical issues. *See, e.g., K.H.B. v. UnitedHealthcare Ins. Co.*, 2018 U.S. Dist. LEXIS 144690, at *2 (N.D. Cal. Aug. 24, 2018) (permitting plaintiffs to proceed under pseudonyms in an ERISA action challenging the denial of mental health care benefits); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting the plaintiff's motion to file pseudonymously, reasoning that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public"). Moreover, if the details of this case are publicly linked to S.S., that could cause even more trauma to her than she has already endured. Accordingly, this factor favors allowing S.S. to proceed anonymously.

While the second factor enumerated in *James* is not implicated by this case, the third factor - the ages of the persons whose privacy interests are sought to be protected – weighs heavily in

---

Proceed Anonymously.

favor of allowing S.S. to proceed anonymously. *James*, 6 F.3d at 238. Indeed, S.S. was a minor for the entirety of the time she received the mental health care at issue in this case and is still a minor as of the date of this filing. Moreover, Federal Rule of Civil Procedure 5.2(a)(3) **requires** litigants to protect the identities of minors by, at minimum, only using the minor in question's initials when filing their pleading. Here, because S.S. is a minor and so to preserve S.S.'s anonymity as best as possible, Plaintiffs elected to – and, indeed, were required to do so under the Federal Rules of Civil Procedure – file their Complaint using only S.S.'s initials. While her father is not a minor, disclosure of his full identity would have the impact of revealing his minor daughter's identity and would be in violation of both the purpose and spirit of Rule 5.2(a)(3).

The final factors, which instruct the court to evaluate the potential harm to Defendants, also favor allowing S.S. to proceed anonymously. Defendants do not oppose Plaintiff S.S. proceeding anonymously. Moreover, Defendants suffer no prejudice from the use of initials in the publicly filed documents, as they control and maintain the entire claim file and have full knowledge and information about who both plaintiffs are.

In short, the relevant factors strongly weigh in favor that Plaintiff S.S. should be permitted to proceed anonymously.

### 3. Providing Albert S.'s last name would identify S.S.

By providing Albert S.'s last name, Plaintiffs would certainly expose S.S.'s identity, thereby destroying the safeguard of anonymity that must be provided to S.S. pursuant to *James*. Indeed, Plaintiff Albert S. is S.S.'s father, and they continue to share a familial bond as well as the same, unique surname. As such, if Albert S. proceeded using his full name, any individual

accessing the publicly filed documents in this case or, indeed, simply googling his name,[2] would be able to easily identify S.S. and would therefore be privy to the intimate details of S.S.'s past history, mental health struggles, self-harm, suicidal ideation, suicide attempts, and subsequent period of inpatient treatment. Such an intimate invasion of privacy caused simply by the fact of the father maintaining insurance coverage for his minor child and the insurance company unreasonably denying covered treatment would be untenable. *See, e.g., Doe v. Richland Cty. Sch. Dist. Two*, 2020 U.S. Dist. LEXIS 39414, at *6 n.3 (D.S.C. Mar. 5, 2020) (allowing the minor plaintiff's mother to proceed anonymously – as "Mother Doe" – because if the identity of Mother Doe is revealed, the identity of her minor daughter will also be revealed). Moreover, providing Albert S.'s full name would defeat the purpose of Fed. R. Civ. P. 5.2. *Doe v. United States*, 2017 U.S. Dist. LEXIS 234261, at *3 (M.D.N.C. Sep. 12, 2017) ("With respect to the minor Plaintiffs, Fed. R. Civ. P. 5.2(a)(3) requires that only a minor's initials be used in a court filing. To identify initials of the minors and the full name of any guardian appointed would appear to defeat the purpose of Rule 5.2.").

As discussed above, Defendants do not oppose Plaintiff Albert S. proceeding anonymously. Moreover, Defendants suffer no prejudice from the use of initials in the publicly filed documents, as they control and maintain the entire claim file and have full knowledge and information about who both plaintiffs are.

Finally, proceeding under Albert S.'s first name and last initial is the least restrictive means of protecting the identity of minor Plaintiff S.S. Indeed, Plaintiffs do not seek to seal the entire

---

[2] Practically speaking, simply googling the father's name, who is an attorney, would likely reveal this case through one of the many widely available, publicly accessible online legal search engines (for example, Casetext, Justia, Casemine, Leagle, Pacer Monitor, etc.) if his full name were added to this case, without ever stepping foot into the clerk's office or accessing the public docket through an issued PACER account.

case, nor do they seek to proceed using only Albert S.'s initials. *See, e.g., K.H.B.,* 2018 U.S. Dist. LEXIS 144690, at *2 (granting minor Plaintiff's motion to proceed under a pseudonym of his initials but holding that his father must use his full first name and an initial for his last name).[3]

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, as well as those stated in Plaintiffs' Unopposed Motion For Leave to Proceed Anonymously (ECF Doc. No. 24), Plaintiffs respectfully request that the Court enter an Order permitting them to proceed anonymously in this litigation, as pled, specifically permitting S.S. to proceed under her initials and S.S.'s father to proceed under his full first name and last initial, and directing all parties to redact their names and all personally identifying information from any filed documents unless filed under seal or through the Western District's protected electronic filing feature made available to ERISA cases.

Respectfully submitted this the 10th day of January, 2023.

/s/Caitlin H. Walton
CAITLIN H. WALTON
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Phone: 704/377-4300
Facsimile: 704/372-1357
E-mail: cwalton@essexrichards.com
N.C. State Bar No. 49246
*Attorney for Plaintiffs*

---

[3] To the extent the Court is concerned with Albert S.'s identity for conflict screening purposes (*see* ECF Doc. No. 23, p. 2, n. 1), this could certainly be accomplished *in camera*. By way of example, via an email between the Court's law clerk and counsel for the parties.