UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-235-MOC-WCM

| | |
|---|---|
| ALBERT S., and S.S., a minor, by and through her parent Albert S., <br><br>  Plaintiff, <br><br> vs. <br><br> BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, NORTH CAROLINA BAR ASSOCIATION HEALTH BENEFIT TRUST, AND LAWYERS INSURANCE AGENCY, INC., <br><br>  Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Blue Cross and Blue Shield of North Carolina ("BCBSNC"), North Carolina Bar Association Health Benefit Trust (the "Trust") and Lawyers Insurance Agency, Inc.'s (the "Agency") (together, the "Defendants") Motion to Dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 27). Specifically, Defendants move to dismiss Plaintiffs S.S., a minor, and her parent, Albert S.'s ("Plaintiffs") claim for relief for alleged violation of the Mental Health Parity and Addiction Equity Act (the "Parity Act") and all of Plaintiffs' claims against the Agency. For the following reasons, Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

1

Plaintiff S.S. is a minor who suffers from myriad mental health issues. (Doc. No. 1 at ¶¶ 3, 14, 19, 24, 38). As a result of her mental health issues, Plaintiff S.S. has engaged in self-harm, suicidal ideation, and multiple suicide attempts. (Id. at ¶¶ 17, 20, 22–24, 26, 28–29, 31–34). Following a suicide attempt in the fall of 2020, Plaintiff S.S.'s providers recommended that she undergo in-patient residential treatment. (Id. at ¶¶ 34–36, 41). Plaintiffs sought a residential treatment center for S.S, and S.S. was admitted to Solacium Sunrise Residential Treatment Center ("Sunrise") on February 18, 2021. (Id. at ¶ 43).

As Plaintiff S.S. was a minor, her health insurance coverage was provided through her father, Albert S., under the North Carolina Bar Association Health Benefit Trust plan (the "Plan"). (Id. at ¶¶ 3, 11). The Agency is the plan administrator, but it has delegated to BCBSNC "the responsibility for administering the Plan, including the functions of reviewing claims and making claim coverage decisions such as whether to grant or deny benefits." (Id. at ¶¶ 6–7). Pursuant to this delegation of authority, BCBSNC has authority to make benefit determinations, in its discretion, according to the terms of the Plan. (Id. at ¶ 8).

BCBSNC initially approved coverage for S.S.'s inpatient stay at Sunrise. (Id. at ¶¶ 5, 42). However, approximately two months after S.S.'s admission to Sunrise, BCBSNC determined that behavioral health residential treatment was no longer medically necessary for Plaintiff S.S. as of April 20, 2021, and therefore S.S. no longer qualified for coverage to continue treatment at Sunrise beyond that date. (See id. at ¶¶ 42–48). Plaintiffs contested this denial of coverage. After various internal appeals to BCBSNC, Plaintiffs filed this lawsuit on November 4, 2022. (Id. at ¶¶ 53–58).

The lawsuit raises two claims for relief: (1) a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"); and (2) a

claim for equitable relief for violation of the Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") under 29 U.S.C. § 1132(a)(3).

Defendants now seek dismissal, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, of Plaintiffs' Parity Act claim and all of Plaintiffs' claims against the Agency. (Doc Nos. 27, 28). After Defendants filed their motion to dismiss, the parties reached an agreement regarding the Agency, and filed a Stipulation of Dismissal Without Prejudice of the Agency. (Doc. No. 32). However, Plaintiffs' Parity Act claims against the other Defendants remain.

## II. STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

### III. DISCUSSION

Because the parties filed a stipulation dismissing the Agency, the motion to dismiss all of Plaintiffs' claims against the Agency is moot. Fleet Feet, Inc. v. NIKE, Inc., 986 F.3d 458, 463 (4th Cir. 2021) (quoting Pashby v. Delia, 709 F.3d 307, 316 (4th Cir. 2013) ("A case becomes moot, and therefore nonjusticiable, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'")).

The remaining Defendants, BCBSNC and the Trust, present two arguments in support of their motion to dismiss Plaintiffs' claim under the Parity Act. First, Defendants contend that Plaintiffs have failed to state a claim under the Parity Act, because Plaintiffs have not alleged facts demonstrating that Defendants managed mental health services worse than other medical services. Second, in the alternative, Defendants argue that Plaintiffs' claim for equitable relief under the Parity Act is duplicative of Plaintiffs' claim for benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA, and therefore Plaintiffs' claim for equitable relief should be dismissed.

#### a. The Parity Act

The Parity Act was enacted "to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans." Alan R. v. Bank of Am. Grp. Benefits Program, No. 320CV00441RJCDSC, 2022 WL 413935, at *10 (W.D.N.C. Feb. 9, 2022) (quoting Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 356 (2d Cir. 2016)). In furtherance of this goal, the Parity Act prohibits group health plans from placing unequal financial requirements and treatment limitations on mental health or substance use disorder benefits. Specifically, "[w]here a group health plan provides both medical and surgical benefits and mental health/substance use disorder benefits, the law requires that: (1) the 'financial

4

requirements' and 'treatment limitations' applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant financial requirements or treatment limitations applied to substantially all medical and surgical benefits, and (2) there are no separate cost sharing requirements or treatment limitations that are applicable only to mental health or substance use disorder benefits." Id.

Section 1132(a)(3) authorizes a plan participant or beneficiary to sue to enjoin or obtain other appropriate equitable relief to redress "any act or practice which violates" the Parity Act. 29 U.S.C. § 1132(a)(3). To state a Parity Act claim, a plaintiff must allege facts showing that: "(1) the insurance plan is of the type covered by the Parity Act; (2) the insurance plan provides both medical benefits and mental-health benefits; (3) the plan has a treatment limitation – either quantitative or nonquantitative – for one of those benefits that is more restrictive for mental-health treatment than it is for medical treatment; and (4) the mental-health treatment is in the same classification as the medical treatment to which it is being compared." Richard K. v. United Behavioral Health, No. 18CV6318GHWBCM, 2019 WL 3083019, at *11 (S.D.N.Y. June 28, 2019), report and recommendation adopted sub nom. Richard K. v. United Behav. Health, No. 1:18-CV-6318-GHW, 2019 WL 3080849 (S.D.N.Y. July 15, 2019).

There are two ways a plaintiff can allege a violation of the Parity Act: a plaintiff can allege a plan violates the Parity act on its face, i.e., alleging the terms of an insurance plan itself discriminate against mental health treatments; or a plaintiff can allege a plan violates the Parity act as-applied, i.e., alleging that the same limitation is applied unequally in practice. Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan, No. 3:18-CV-00873, 2021 WL 1026383, at *10 (D.S.C. Mar. 17, 2021). Examples of improper limitations include, but are not limited to, medical management standards that limit benefits based on medical necessity; restrictions based on

5

geographic location; facility type; provider specialty; and other criteria that limit the scope or duration of benefits for mental health treatment. 29 C.F.R. § 2590.712(c)(4)(ii)(A), (H) (2023).

### b. Plaintiffs Have Failed to State a Claim Under the Parity Act

Here, Plaintiffs allege three unequal limitations that have violated the Parity Act. (Doc. No. 33 at 10). However, Plaintiffs have not pled sufficient facts to support their three conclusory allegations. First, according to Plaintiffs, Defendants inappropriately used more demanding criteria reserved to assess treatment for an illness of acute severity to evaluate the medical necessity of Plaintiff S.S.'s subacute or intermediate treatment, thereby placing more severe treatment limitations on S.S.'s mental health benefits than comparable medical or surgical benefits would receive. (Doc. No. 1 at ¶¶ 76–80). However, neither Plaintiffs' complaint, nor their subsequent filings, sufficiently identify what acute severity of illness criteria Defendants allegedly applied when evaluating the medical necessity of Plaintiff S.S.'s treatment. Plaintiffs point broadly to the Magellan Care Guidelines ("MCG") criteria, stating that it was applied to impose the acute severity of illness requirements. (Id. at ¶ 80). However, Plaintiffs fail to identify what specific MCG criteria were used to impose acute severity of illness requirements or how the MCG criteria were applied to impose acute severity of illness requirements. Without this specificity, Plaintiffs' factual allegations fail to rise above the speculative level.

Second, Plaintiffs contend that Defendants applied a limitation that restricted Plaintiff S.S.'s access to benefits by deviating from the generally accepted standards of medical practice when evaluating the medical necessity of Plaintiff S.S.'s treatment. (Id. at ¶¶ 77–79). However, once again, Plaintiffs fail to identify what specific limitation was applied, or what evaluation deviation occurred, that restricted Plaintiff S.S.'s access to benefits.

6

Lastly, Plaintiffs state that Defendants failed to impose the same treatment limitations on medical or surgical analogues to Plaintiff S.S.' mental health treatment, such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities. (Id. at ¶¶ 75–76, 80). Yet, Plaintiffs have not detailed what limitations have been imposed on mental health treatment that have not been imposed on medical or surgical analogues.

In sum, Plaintiffs have alleged three separate treatment limitations that violate the Parity Act. But, Plaintiffs' complaint does not state sufficient facts to support these allegations, and therefore Plaintiffs have failed to alleged facts sufficient to support their Parity Act claim. Because this Court finds that Plaintiffs have failed to state a claim under the Parity Act, this Court refrains from addressing Defendants' argument, in the alternative, that Plaintiffs' claim for equitable relief under the Parity Act is duplicative of their claim for wrongful denial of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss Plaintiffs' claim for relief for alleged violation of the Parity Act will be granted. Furthermore, because the parties filed a stipulation dismissing the Agency, Defendants' motion to dismiss all of Plaintiffs' claims against the Agency is moot.

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, Doc. No. 27, is **GRANTED** in part and **DENIED** in part. In accordance with this order, Plaintiffs' claim for relief for alleged violation of the Parity Act is **DISMISSED**, and Plaintiffs' claims against the Agency are **TERMINATED as MOOT**.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge